IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,234-01






EX PARTE BRYAN LEE TAYLOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 41,567-A IN THE 30TH JUDICIAL DISTRICT COURT OF
WICHITA COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of possession of chemicals with intent to manufacture a controlled substance,
and punishment was assessed at eight years' confinement. No direct appeal was taken.

 Applicant contends that although the trial court awarded him 249 days of pre-trial jail
time credit, TDCJ is refusing to apply this credit to Applicant's sentence. The trial court has
not entered findings of fact or conclusions of law. We believe that Applicant has alleged
facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from TDCJ, or it may order a hearing. In the appropriate case the trial court
may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
first as to whether Applicant has exhausted his administrative remedies by submitting his
claim to the time credit resolution system of TDCJ. The trial court shall also make findings
as to whether the 249 days of pre-trial jail time credit reflected on Applicant's judgment have
been applied to his sentence. If not, the trial court shall make findings as to why not. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29 DAY OF March , 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.